# SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, Ohio 44113



| CASE NO. CV18898955 | D3 FX | SUMMONS NO. 35582560 |
|---|---|---|

Rul...

Rules of Civil
Procedure

KELLEY WILLIAMS **PLAINTIFF**
VS
CAVALRY SPV I LLC, ET AL. **DEFENDANT**

## SUMMONS

CAVALRY PORTFOLIO SERVICES, LLC
C/O CT CORPORATION SYSTEM, STAT.
AGENT
4400 EASTON COMMONS WAY, SUITE 125
COLUMBUS OH 43219

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plaintiff's Attorney**

ANAND N MISRA
3659 GREEN ROAD

SUITE 100
BEACHWOOD, OH 44122-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

STUART A FRIEDMAN
Do not contact judge. Judge's name is given for attorney's reference only.



NAILAH K. BYRD
Clerk of the Court of Common Pleas



| DATE SENT Jun 7, 2018 |
|---|

By_____
Deputy

COMPLAINT FILED   06/06/2018

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
June 6, 2018 13:15

By: ROBERT S. BELOVICH 0024187

Confirmation Nbr. 1404249

KELLEY WILLIAMS                                          CV 18 898955

vs.

CAVALRY SPV I LLC, ET AL.                    Judge: STUART A. FRIEDMAN

Pages Filed:  12

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| Kelley Williams<br>6134 Stumph Rd., Apt. 211<br>Parma OH 44130<br> PLAINTIFF, <br>· vs.<br><br>Cavalry SPV I LLC<br>c/o CT Corporation System, stat. agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>AND<br><br>Cavalry Investments, LLC<br>c/o CT Corporation System, stat. agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>AND<br><br>Cavalry Portfolio Services, LLC<br>c/o CT Corporation System, stat. agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>AND<br><br>Gregory L. Crutcher<br>11405 Park Road Suite 200<br>Louisville, KY 40223<br><br>AND<br><br>Megan Urban<br>11405 Park Road Suite 200<br>Louisville, KY 40223<br><br>AND<br><br>Michael J. Linden<br>11405 Park Road Suite 200<br>Louisville, KY 40223 | Case No:<br><br>Judge<br><br><br><br><br><br><br><br><br><br><br><br>__COMPLAINT AND JURY DEMAND__ |

```
                    AND                          )
                                                 )
        James M. Lloyd                           )
        11405 Park Road Suite 200                )
        Louisville, KY 40223                     )
                                                 )
                    AND                          )
                                                 )
        Lloyd & McDaniel PLC                     )
        11405 Park Road Suite 200                )
        Louisville, KY 40223                     )
```

DEFENDANTS.

1. This is an action for damages and other relief by Kelley Williams. Ms. Williams brings these claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.; ("FDCPA"), the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01 et seq. ("OCSPA"), common law abuse of process and civil conspiracy, and states upon information and belief as follows:

## The Parties

2. Ms. Williams is a "Consumer" as defined in the Ohio Consumer Sales Practice Act, R.C. § 1345.01(D), 15 U.S.C. §1692a (3), and similar consumer protection statutes.

3. Defendant Cavalry SPV I LLC "CS1L" is a for profit foreign limited liability company.

4. It has no employees.

5. CS1L is a company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

6. CS1L operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Ohio via collection letters, phone calls, credit reports and lawsuits.

7. In fact, CS1L was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant, Cavalry Portfolio Services, LLC, "CPSL", is a foreign limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

9. CPSL operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Ohio.

10. In fact, CPSL was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

11. Defendant CS1L is a buyer of bad debt that buys/obtains large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister corporation, Defendant CPSL.

12. The debt it attempted to collect from plaintiff Ms. Williams is not debt it originated through a transaction involving Ms. Williams.

13. CPSL collects and attempts to collect consumer debt on behalf of others who obtained their interest in the debt by purchase from an original creditor or another debt buyer.

14. Defendant Cavalry Investments, LLC, "CIL" is a foreign limited liability company originally registered in Delaware.

15. CIL has an office located at 500 Summit Lake Drive, Valhalla, NY 10595, the same address listed for the plaintiff in the complaint filed in this case.

16. CIL admitted it has no employees.

17. CIL owns CPSL and CS1L.

18. CIL operates CSPSL and CS1L.

19. CIL has represented itself to be a "a leader in the acquisition and management of non-performing consumer loan portfolios."

20. "Management of non-performing consumer loan portfolios" is a euphemism for debt collection from consumers.

21. CPSL conducts debt collection operations in accordance with policies developed and implemented by CIL.

22. CIL owns, operates, directs and controls CPSL.

23. CPSL interacts with lawyers and law firms on behalf of CS1L and CIL.

24. CIL, CPSL and CS1L (collectively "Cavalry") are each engaged in a business the principal purpose of which is the collection of debts.

25. CIL, CPSL and CS1Lregularly collect or attempt to collect, directly or indirectly debts owed or due or asserted to be owed or due to others.

26. Cavalry are suppliers as defined in Ohio R.C. § 1345.01(C) and similar consumer protection statutes.

27. Cavalry have jointly taken actions in an attempt to collect a consumer debt from Ms. Williams.

28. Defendant Lloyd & McDaniel PLC is a Kentucky limited liability company.

29. Lloyd & McDaniel PLC is a law firm, which employs attorneys including defendants Gregory L. Crutcher, Megan Urban, Michael J. Linden and James M. Lloyd for its debt collection activities.

30. Crutcher, Urban, Linden, Lloyd and Lloyd & McDaniel PLC, (collectively "L&M") are debt collectors as defined in 15 U.S.C. §1692a(6) and similar consumer protection statutes.

31. Crutcher, Urban, Linden, Lloyd and Lloyd & McDaniel PLC are each engaged in a business the principal purpose of which is the collection of debts, or they regularly collect or attempt to collect debts owed or due or asserted to be owed or due to others.

32. L&M did agree to represent CS1L for filing a lawsuit against Ms. Williams.

33. CPSL negotiated the agreement for L&M to sue Ms. Williams.

34. CPSL provided information to L&M for use in filing suit against Ms. Williams.

35. L&M are suppliers as defined in Ohio R.C. § 1345.01(C) and similar consumer protection statutes.

### Factual Allegations

36. Cavalry and L&M individually and collectively, as a joint venture, made and caused to be made false statements and committed other deceptive or unconscionable acts that are the subject of this Complaint in an attempt to collect a consumer debt from Ms. Williams.

37. Cavalry and L&M undertook collective action to file a complaint against Ms. Williams in the Parma Municipal Court on June 8, 2017. (Case No. 17 CVF 2337).

38. Bringing legal actions is an integral and important part of Cavalry's debt collection business.

39. Cavalry have filed thousands of unlawful consumer collection lawsuits making false statements and using false documents.

40. The lawsuit against Ms. Williams is one of the unlawful lawsuits described in the preceding paragraph.

41. Such lawsuits are based on debt allegedly acquired by Cavalry.

42. Such debt was already in default at the time it was so acquired by Cavalry.

43. At the time of acquisition and before filing the unlawful lawsuits, Cavalry knows or should know about the lack of documentation regarding the acquired debt.

44. The prices paid by Cavalry for the acquired debt reflect Cavalry's knowledge of the lack of such documentation.

45. Cavalry commences or causes to commence the unlawful lawsuits without adequate or reasonable investigation of the debt sought to be collected.

46. In order to conceal their inadequate investigation or to appear to meet pleading obligations, Cavalry and L&M failed to attach required documents to a complaint filed with the Parma Municipal Court against Ms. Williams.

47. Instead, Cavalry and L&M made false and misleading representations in the complaint in order to sidestep around the requirements of Ohio Civil Rule 10(D).

48. Through such false or misleading language in the pleadings, Cavalry and L&M implicitly represent the existence of such documents and their ability to access such documents to prove their right to a judgment against Ms. Williams.

49. After filing suit against Ms. Williams in the Parma Municipal Court, Cavalry and L&M made a further attempt to collect from Ms. Williams by submitting an affidavit to the court.  See, Exhibit 1.

50. The affidavit was made by Thomas Murphy (hereafter "Murphy Affidavit") and identifies him as an employee of CPSL.

51. The Murphy Affidavit states that Murphy is "familiar with the manner and method by which" [CPSL and CS1L] "create and maintain business records pertaining to the Account as defined below."

52. The Murphy Affidavit goes on to state that CSPL and CS1L "maintain computerized account records and documents for account holders." And that they "maintain such records in the

ordinary and routine course of business and it is their regular business practice to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence."

53. The Murphy Affidavit then falsely states that CSPL and CS1L's business records, so created and maintained, prove the amount claimed due.

54. Each of the above described actions, and those upon which Ms. Williams's claims are based, arise in a "Consumer Transaction" as defined in Ohio R.C. §1345.01(A) and similar consumer protection statutes.

**Count One: FDCPA**

55. Ms. Williams repeats and realleges and incorporates by reference preceding paragraphs.

56. Defendants violated the FDCPA, 15 U.S.C. § 1692 et seq. through their attempt to collect alleged debt from the plaintiff incurred at JC Penney stores for personal, family, or household purposes.

57. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated 15 U.S.C. § 1692e and § 1692f when they created or attached an affidavit, containing false, deceptive and/or misleading assertions, to court filings in an attempt to collect the alleged debt. Such assertions, contained in paragraphs 2, 3, 4 and 6 of the Murphy Affidavit, separately and/or collectively misrepresent the origin, nature, character and substance of the records attached to the affidavit or those claimed to be the basis of the assertions. Such assertions also deceptively assert or suggest that the attached documents were created by or for the plaintiff.

   b. Defendants violated 15 U.S.C. § 1692e and § 1692f when they concealed material information, or made false, misleading and/or unfounded representations, in the court

filing to which the Murphy Affidavit was attached, as to their knowledge about the applicability of the "terms and conditions" document to the alleged debt.

c. Defendants violated 15 U.S.C. § 1692e and § 1692f when they employed a pattern and practice of filing lawsuits, including one against the plaintiff, without adequate investigation of the debt combined with the use of false documents and false representations as described above.

58. These false, misleading and/or deceptive assertions were attempts to falsely meet evidentiary standards necessary to obtain summary judgment and to misdirect the plaintiff as to the source of the offered evidence. This misdirection was furthered by defendants' failure or refusal to produce the alleged author of the Murphy Affidavit for a deposition.

59. Ms. Williams suffered damages as a result of Defendants' violations by having to expend time and money to respond to the false, misleading and/or deceptive assertions.

60. As a result of the violations of the FDCPA, Defendants are liable to Ms. Williams for declaratory judgment that Defendants' conduct violated the FDCPA, and actual damages, statutory damages, and costs and attorney's fees.

## Count Two: Deceptive, Unfair or Unconscionable Acts

61. Ms. Williams repeats and realleges and incorporates by reference all the preceding paragraphs.

62. In an analogous circumstance, the Ohio Supreme Court has held the debt collectors such as the current Defendants are suppliers, and the attempt to collect debt from a consumer such as the plaintiff is a consumer transaction for the purposes of the OCSPA. *See, Taylor v. First Resolution Invest. Corp.*,2016-Ohio-3444.

63. In attempting to collect debt from plaintiff through the actions described above, Defendants knowingly committed unfair, deceptive and/or unconscionable acts or practices.

64. These acts of the Defendants, to violate OCSPA, have been determined by courts of this state to violate Ohio R.C. § 1345.02 or Ohio RC § 1345.03, and were committed by Defendants after such decisions were made available for public inspection under Ohio R.C. § 1345.05(A)(3).

65. Such conduct included:

    a. Actions taken in violation of FDCPA;

    b. Actions taken to commence and maintain a debt collection lawsuit against the plaintiff, with the use of false or misleading representations as described above.

66. Ms. Williams suffered damages as a result of Defendants' violations.

## Count Three: Abuse of Process

67. Ms. Williams repeats and realleges and incorporates by reference all the preceding paragraphs.

68. Defendants filed a collection action against plaintiff, and maintained such action through the use of a false, deceptive or misleading affidavit.

69. Defendants maintained such action for the improper purpose of placing unwarranted pressure upon the plaintiff to make payments or face damage to her credit history, or for the improper purpose of taking unfair advantage of an unsophisticated consumer.

70. Plaintiff has suffered damage as a direct result of this wrongful use of process.

71. Defendants have therefore committed the tort of abuse of process.

## Count Four: Civil Conspiracy

72. Ms. Williams repeats and realleges and incorporates by reference all the preceding paragraphs.

73. Cavalry created and operated joint collection platforms, developed and implement strategies and acted in concert, with each other and with L&M, under an agreement to commit the unlawful acts described above, and to maintain lawsuits in an unlawful manner.

74. In accordance with agreement, plan or understanding, one or more of the Defendants did commit the above described unlawful acts against Ms. Williams.

75. Ms. Williams suffered injury as a result of these actions.

76. Defendants therefore committed the tort of civil conspiracy.

### Damages

77. Ms. Williams has been or may be injured by Defendants' unlawful acts and practices, in one or more of the following ways:

    a. Monetary, reputation or credit injuries.

    b. Expenditure of money or liability for such, and expediture of time or effort in resisting Defendants' illegal actions.

    c. Payment of charges which are unreasonable, unnecessary or a penalty.

   WHEREFORE, Ms. Williams respectfully requests that judgment be entered against

Defendants for the following:

    a. Award statutory, compensatory and punitive damages in an amount exceeding $25,000.00.

    b. Order Defendants to establish procedures which will prevent attempts or actions to collect debt through conduct, as alleged in this case, which violates applicable federal or state laws.

    c. Order Defendants to operate according to procedures which will prevent attempts or actions to collect debt through conduct, as alleged in this case, which violates applicable federal or state laws.

    d. Order Defendants to refrain from all debt collection activities in Ohio for a period

of years as the court in its discretion may determine.

e. Award attorney's fees, costs, and expenses.

f. Award any other relief to which Ms. Williams may be entitled to in law or equity.

g. Make declaratory judgments and order such other and further relief as may be just and proper.

Respectfully submitted,

/s/   Robert S. Belovich
Robert S. Belovich (#0024187)
Robert S. Belovich, Attorney, LLC
9100 South Hills Blvd., Suite 325
Broadview Heights, OH 44147
(440) 503-8770
rsb@belovichlaw.com

Anand N. Misra (#0067594)
The Misra Law Firm, LLC
3659 Green Road, Suite 100
Beachwood, Ohio 44122
(216) 752-3330
misraan@misralaw.com

Attorneys for Plaintiff

## AFFIDAVIT OF CLAIM

STATE OF NEW YORK )
                  ) SS
COUNTY OF WESTCHESTER )

RE: Cavalry SPV I, LLC, as assignee of GE Capital Retail Bank/JCP

vs.
KELLEY WILLIAMS

I, Thomas Murphy, being duly sworn on oath, depose and say:

1. I am employed by Cavalry Portfolio Services, LLC ("CPS"). CPS performs collection services for Cavalry SPV I, LLC ("Plaintiff"). I am an authorized agent for Plaintiff and am a competent person more than eighteen years of age. I am authorized to make this affidavit for Plaintiff.

2. I am familiar with the manner and method by which CPS and Plaintiff create and maintain business records pertaining to the Account as defined below.

3. In the normal course of business, CPS and Plaintiff maintain computerized account records and documents for account holders. CPS and Plaintiff maintain such records in the ordinary and routine course of business and it is their regular business practice to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence.

4. I have access to and have reviewed the applicable records of CPS and Plaintiff as they relate to the Account, and I make this Affidavit based upon information from that review. Information contained in those records reflects the following:

   a. That the Account was purchased by Cavalry SPV I, LLC on or about 08/23/2016 from Synchrony Bank. Prior to Cavalry SPV I, LLC's ownership of the account, the creditor was GE Capital Retail Bank/JCP.

   b. That the Defendant, KELLEY WILLIAMS, the account holder(s), opened an account on 07/29/2003, which account was charged off on 01/08/2014 (the "Account").

   c. That as of 02/09/2017, the records of CPS and Plaintiff show that the defendant owed a balance of $1,089.76.

   d. That the Defendant is not an infant or incompetent.

5. Based on a review of the Department of Defense database, the Defendant is not an active member of the United States Armed Forces.
6. I certify under oath that to the best of my knowledge the above statements are true and correct.

Subscribed and sworn to before me on 03/23/2017

_____
Legal Administrator

CH-LLOYD AND McDANIEL, PLC
19943418

Notary Public, State of New York

Sheila Myvett
Notary Public - State of New York
No. 01MY6348650
Qualified in Bronx County
Commission Expires October 3, 2020

**Exhibit 1**