# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KELLEY WILLIAMS, | ) | CASE NO. 1:18CV1479 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| CAVALRY SPV I LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

      This matter comes before the Court upon the Motion (ECF DKT #15) of Cavalry Defendants to Compel Arbitration and the Motion (ECF DKT #16) of Defendants Lloyd & McDaniel PLC, James M. Lloyd, Michael J. Linden, Megan Urban and Gregory L. Crutcher to Compel Arbitration. For the following reasons, the Motions to Compel Arbitration are denied. Also, the Motion (ECF DKT #19) of Plaintiff Kelley Williams to Conduct Limited Discovery necessary to submit her opposition to the Motions to Compel Arbitration is denied as moot.

## I. BACKGROUND

The captioned matter originated in Cuyahoga County Common Pleas Court and was removed on June 29, 2018, on the basis of federal question jurisdiction. Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act when they filed a complaint against her in Parma Municipal Court in an attempt to collect on a consumer debt.

Defendant Cavalry SPV I LLC and its related entities move to compel Plaintiff to arbitrate her claims. Plaintiff applied for a JCPenney-branded credit card and her application was approved on July 28, 2003. The credit card agreement contained an arbitration provision. After a merger, GE Money Bank issued Plaintiff an amended credit card agreement which also included an arbitration provision. GE Money Bank became GE Capital Retail Bank and a new credit card agreement was issued in 2012. GE Capital Retail Bank became Synchrony Bank. Synchrony's records show that the last purchase on Plaintiff's account was on or about March 19, 2013. The account was "charged-off" due to non-payment and the account was sold to Cavalry SPV I LLC on August 23, 2016. At all times, the credit card agreements required Plaintiff to assent to arbitration. Synchrony has no record of a notice from Plaintiff exercising her right to reject the arbitration provision.

The 2012 amended credit card agreement (ECF DKT #18-1) provides that "by opening or using your account, you agree to the terms of the entire Agreement." Additionally:

> **Parties to this Agreement**. This Agreement applied to each accountholder approved on the account and each of you is responsible for paying the full amount due, no matter which one uses the account. We may treat each of you as the accountholder and may refer to each of you as "you" or "your". GE

Capital Retail Bank may be referred to as "we", "us" or "our".

Further:

> If either you or we make a demand for arbitration, you and we must arbitrate any dispute or claim between you or any other user of your account, and us, our affiliates, agents and/or J.C. Penney Corporation, Inc. if it relates to your account...

Moreover, in the 2012 credit card agreement, Plaintiff agreed that GE Capital Retail Bank "may sell, assign, or transfer any or all of [its] rights or duties under this Agreement or [ ] account, including [its] rights to payments."

Cavalry SPV I LLC contends that it purchased and took assignment of Plaintiff's account and all of the Bank's rights associated with her account. Cavalry SPV I LLC insists that it stands in the shoes of the creditor bank. The other Cavalry Defendants are related entities and the Lloyd Defendants are lawyers and agents of Cavalry. Thus, Defendants argue that they are empowered to enforce the arbitration provision against Plaintiff.

Plaintiff does not oppose the Motions to Compel Arbitration on their merits at this juncture, but seeks leave to conduct discovery in order to formulate a response.

## II. LAW AND ANALYSIS

### The Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1, *et seq*.

The FAA provides that an arbitration clause in a "transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2003). The FAA further mandates that when the Court is "satisfied that the making of the agreement for arbitration ... is not in

issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (2003).

The FAA establishes a liberal policy favoring arbitration agreements and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation. *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004); see *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). "A central purpose of the FAA is 'to reverse the longstanding judicial hostility to arbitration agreements ... and to place arbitration agreements upon the same footing as other contracts.'" *In re Olshan Foundation Repair Company, LLC*, 328 S.W.3d 883, 891 (Tex.2010) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)).

The FAA requires courts to "rigorously enforce" arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Yet, arbitration clauses are subject to the same defenses or bars as other contract provisions. 9 U.S.C. § 4 (2003). The Court must ascertain whether the parties agreed to arbitrate the dispute at issue. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). A party cannot be required to arbitrate any dispute if the party has not agreed to do so. *Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 582 (1960); *Simon v. Pfizer Inc.*, 398 F.3d 765, 775 (6th Cir. 2005). The FAA does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 469 (1989). The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp.-*

*Alabama v. Randolph*, 531 U.S. 79, 91 (2000); *Gilmer*, 500 U.S. at 26.

**Agreement to Arbitrate**

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Hergenreder v. Bickford Senior Living Group, LLC,* 656 F.3d 411, 416 (6th Cir. 2011). "Because arbitration agreements are fundamentally contracts, we review the enforceability of an arbitration agreement according to the applicable state law of contract formation." *Id.* Applying Ohio law, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Dantz v. American Apple Group, LLC.* 123 F.App'x. 702, 707, 2005 WL 465253, 4 (6th Cir. 2005). "For a valid contract to exist, there must be an offer on one side, an acceptance on the other side, and mutual assent between the parties with regard to the consideration for the bargain." *Tidewater Fin. Co. v. Cowns* 197 Ohio App.3d 548, 552, 968 N.E.2d 59, 63 (Ohio App.1st Dist., 2011). The party asserting the existence of a contract bears the burden of demonstrating its existence by a preponderance of the evidence. *Id.*

"Credit card agreements are contracts whereby the issuance and use of a credit card creates a legally binding agreement." *Bank One, Columbus, N.A. v. Palmer*, 63 Ohio App.3d 491, 493 (1989).

As the Court noted earlier, in addition to the arbitration provision in the credit card agreement, Plaintiff acknowledged and agreed that GE Capital Retail Bank "may sell, assign,

or transfer any or all of [its] rights or duties under this Agreement or [ ] account, including [its] rights to payments."

However, Defendants bear the burden of proving the existence of the contractual terms binding Plaintiff as the cardholder. There is no evidence before the Court of the assignment from GE Capital Retail Bank to Cavalry SPV I LLC. Defendants submit the affidavit of Joline White (ECF DKT #18-1). She is the Lead Litigation Analyst for Synchrony Bank, formerly known as GE Capital Retail Bank. In ¶ 7, she states: "Synchrony's records reflect [Plaintiff's] Account charged-off due to non-payment and was later sold to Cavalry SPV I, LLC." There is no copy of a bill of sale nor of a contract of assignment. Therefore, Cavalry SPV I LLC, the alleged assignee, has failed to satisfy its burden by a preponderance of the evidence that it is entitled to enforce the arbitration provision in the Bank's credit card agreement with Plaintiff.

The Lloyd Defendants assert that they have standing to compel arbitration because they are Cavalry SPV I LLC's agents. (ECF DKT #16 at 8). However, if the principal (Cavalry) has failed to establish its contractual rights, then the agents have no greater authority.

### III. CONCLUSION

For these reasons, and upon consideration of the arguments, evidence and applicable law for the limited purpose of establishing arbitrability of the dispute, the Motion (ECF DKT #15) of Cavalry Defendants to Compel Arbitration and the Motion (ECF DKT #16) of

Defendants Lloyd & McDaniel PLC, James M. Lloyd, Michael J. Linden, Megan Urban and Gregory L. Crutcher to Compel Arbitration are denied. Furthermore, the Motion (ECF DKT #19) of Plaintiff Kelley Williams to Conduct Limited Discovery necessary to submit her opposition to the Motions to Compel Arbitration is denied as moot.

**IT IS SO ORDERED.**

**DATE: August 19, 2019**

                                               s/Christopher A. Boyko
                                               **CHRISTOPHER A. BOYKO**
                                               **United States District Judge**